**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SANDRA TAYLOR,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      ) No. CIV-11-381-FHS
                                        )
GEOFFREY, LLC and TOYS                  )
"R" US, INC.,                           )
                                        )
          Defendants.                   )


<u>**OPINION AND ORDER**</u>


     On October 27, 2011, this action was removed from the District
Court of Sequoyah County, Oklahoma, to this federal court on the
basis of diversity jurisdiction.  Now before this Court is the
Motion to Dismiss (Dkt. No. 21) filed on January 10, 2012, on
behalf of Defendants, Geoffrey, LLC and Toys "R" Us, Inc.
(collectively "Toys "R" Us").  In the motion, Toys "R" Us contends
Plaintiff has failed to state a claim upon which relief can be
granted with respect to the four claims asserted in the state court
Petition: (1) negligence, (2) misrepresentation, (3) breach of
warranty (implied warranties of merchantability and fitness for a
particular purpose), and (4) breach of contract.  For the reasons
stated below, this Court finds the Motion to Dismiss (Dkt. No. 21)
should   be   granted   as   to   the   claims   for   negligence,
misrepresentation, and breach of warranty, and denied as to the
claim for breach of contract.


     In her state court Petition, Plaintiff contends that on August
30, 2011, she purchased a You and Me triplets doll set for her

1

great-niece from a Toys "R" Us store in Fort Smith, Arkansas.[1]
Plaintiff's great-niece is four years old.  According to Plaintiff,
she believed the doll set was appropriate for young children as the
dolls speak words or phrases that make the dolls "fun or suitable
for young children."  Petition, ¶ 6.  The dolls were represented to
make "10 realistic baby sounds from each doll."  Id. at ¶ 13.
Sometime after the purchase, however, it was discovered that one of
the dolls that was given to Plaintiff's great-niece "turns her head
back and forth and then says the phrase 'crazy bitch'."  Id. at ¶
7.  It is also alleged that "[o]ne doll even hisses."  Id. at ¶ 14.
Plaintiff contends that after her great-niece heard the words
"crazy bitch" coming from the doll, she "then called her own mother
a 'crazy bitch.'"  Id. at ¶ 8.   Plaintiff asserts four claims
against Toys "R" Us.[2]   Plaintiff's claims for negligence and
misrepresentation seek damages for "severe emotional distress" she
sustained.   Petition, at ¶¶ 11 and 16.   Plaintiff's claim for
breach of warranty seeks relief for "emotional harm and other
damages" she sustained.  Id. at ¶ 21.  Finally, Plaintiff's breach
of contract claim seeks damages "in the sum equal to the purchase
price of the doll set."  Id. at ¶ 25.

_____

[1]  Plaintiff is a Sequoyah County, Oklahoma, citizen and
resident.  Petition, ¶ 1.  Plaintiff's purchase of the doll set
was made at a Toys "R" Us store in Fort Smith, Arkansas, which is
"located approximately five miles from the Arkansas-Oklahoma
border."  Petition, ¶ 4.  No choice of law issue is raised by the
parties and no argument is made for the application of Arkansas
law.  The parties rely on Oklahoma law in support of their
respective arguments.

[2]  Defendant, Geoffrey, LLC, is alleged to be the
manufacturer of the doll set which is distributed through the
retail store operated by Defendant, Toys "R" Us, Inc.  The Motion
to Dismiss (Dkt. No. 21) was filed on behalf of both Defendants
under the collective name of Toys "R" Us.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in her pleading "a short and plain statement of the claim showing that [she] is entitled to relief." The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Naked assertions" without any "further factual enhancement" will not suffice. Twombly, 550 U.S. at 557. Likewise, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Under this pleading standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 545. To survive a Rule 12(b)(6) motion to dismiss[3], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). To satisfy this standard, Plaintiff must "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

---

[3] Toys "R" Us's Motion to Dismiss (Dkt. No. 21) is made pursuant to Fed.R.Civ.P 12(c) as a motion for judgment on the pleadings. The same standard is used in evaluating 12(b)(6) and 12(c) motions. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000)("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

Plaintiff's claims for negligence, misrepresentation, and breach of warranty seeking damages for emotional distress must fail as Oklahoma law does not allow for the recovery of emotional distress damages absent a showing of physical injury. "Oklahoma courts are committed to the rule that 'No recovery can be had for mental pain and anguish, which is not produced by, connected with, or the result of, some physical suffering or injury, to the person enduring the mental anguish.'" Seidenbach's Inc. v. Williams, 361 P.2d 185, 187 (Okla. 1961)(quoting St. Louis & San Francisco Ry. Co. v. Keiffer, 150 P. 1026, 1028 (Okla. 1915)); see also Ellington v. Coca Cola Bottling Co. of Tulsa, 717 P.2d 109, 111 (Okla. 1986)(mental anguish damages are recoverable only if they are "produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish"); McKeakin v. Roofing & Sheet Metal Supply Co. of Tulsa, 807 P.2d 288, 290 (Okla.Ct.App. 1990)(recovery for negligently inflicted mental distress requires proof that mental anguish was "connected to some manifestation of physical suffering to the plaintiff . . . ."); Van Hoy v. Oklahoma Coca-Cola Bottling Co., 235 P.2d 948, 949 (Okla. 1951)("the right to maintain an action may not be predicated upon a mental or emotional disturbance alone"). Here, Plaintiff has failed to state a claim upon which relief can be granted as to these claims as there is no allegation of any physical injury sustained by Plaintiff arising from the utterance of a profanity or the hissing by a doll.

Even assuming the existence of some physical injury by Plaintiff, these claims must nonetheless fail as Plaintiff's assertion of these claims is a classic example of an attempt to recover emotional distress damages under a bystander theory - a theory which is not recognized under Oklahoma law. In Slaton v. Vansickle, 872 P.2d 929 (Okla. 1994), the Oklahoma Supreme Court

reiterated the long-standing Oklahoma rule that "recovery for mental anguish is restricted to such mental pain and suffering *as arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person*." Id at 931 (emphasis in original). In Slaton, Vansickle asserted cross-claims against Marlin Firearms Company for defective design and manufacture of a rifle and breach of warranty. Vansickle had returned his loaded rifle to his pickup truck in a public area when it discharged after having been placed inside the pickup truck. The discharge from the rifle hit and killed plaintiff's daughter who was standing nearby. Vansickle left the scene without knowing of the death. He was contacted a few hours later and told of the death. In moving for summary judgment, Marlin conceded for purposes of the motion that Vansickle's emotional distress manifested in an actual physical injury but it claimed Vansickle was seeking to recover for the negligent infliction of emotional distress as a bystander - a theory of liability not recognized under Oklahoma law. The Oklahoma Supreme Court agreed. In rejecting Vansickle's claim, the Oklahoma Supreme Court held that Vansickle was, in effect, seeking an expansion of the bystander theory because his claim was predicated on an injury he sustained "*after being told his actions contributed to the death of a young woman*." Id. (emphasis in original). Because Vansickle could not show that he sustained a "personal injury directly resulting form the gun's discharge," he could not prevail under any theory. Id. Similarly, in this case, Plaintiff's theories attempting to recover emotional distress damages must fail as Plaintiff is attempting to recover under a bystander theory of liability, i.e., that her alleged emotional distress damages result from the doll's utterance of the profanity and/or hissing when used by Plaintiff's great-niece. Whether asserted as a negligence, misrepresentation, or breach of warranty claim, Oklahoma law precludes recovery under

5

these circumstances.  Consequently, even assuming the existence of some physical injury by Plaintiff, the attempt to recover emotional distress damages under theories of negligence, misrepresentation, and breach of warranty are subject to dismissal for failure to state a claim upon which relief can be granted.[4]

Plaintiff's claim for breach of contract, however, survives dismissal.  Plaintiff has asserted a plausible claim for breach of contract in connection with the sale of the doll set.  Under Oklahoma law, "[a] contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."  Okla. Stat.tit 12A, § 2-204(1).  The offering of the doll for sale by Toys "R" Us, and the purchase of the doll set by Plaintiff, are sufficient indicia of a contract to enable Plaintiff to go forward on her claim for breach of contract.  The related issues concerning the terms of such contract and whether such contract has application to both the manufacturer (Geoffrey, LLC) and the retailer (Toys "R" Us, Inc.) are not ripe for determination in the context of the currently filed Motion to Dismiss (Dkt. No. 21).

Based on the foregoing reasons, the Motion to Dismiss (Dkt. No. 21) filed by Toys "R" Us is granted as to Plaintiff's claims for negligence, misrepresentation, and breach of warranty.  The Motion to Dismiss (Dkt. No. 21) is denied as to Plaintiff's claim for breach of contract.

---

[4]  This ruling encompasses Plaintiff's request for "other damages" in connection with the breach of warranty claim as her alleged injury does not result from any wrong inflicted on her. See Slaton, 872 P.2d at 932 (dismissal of "other damages" claim appropriate since the alleged "injury resulted from the wrong done to another" as opposed to the required proof of injury to the plaintiff).

It is so ordered this 28th day of February, 2012.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma